**In re Oscar G. LAND, Debtor.**

**William M. BASS, Appellant,**

v.

**Oscar G. LAND, Appellee.**

**Civ. A. No. 88–M–238.**

United States District Court, D. Colorado.

May 23, 1988.

William M. Bass, Denver, Colo., Standing Chapter 12 Trustee.

Kelly B. Lambert, Denver, Colo., for U.S. Trustee.

Matthew D. Skeen, Denver, Colo., for debtor.

James Ringenberg, Ft. Collins, Colo., for Travelers Ins. Co.

### ORDER FOR JUDGMENT

MATSCH, District Judge.

This bankruptcy appeal raises the question of whether the bankruptcy judge had the authority to confirm a Chapter 12 Plan of reorganization in which the debtor proposed to pay the modified claims of two secured creditors directly, thereby avoiding payment of the Standing Chapter 12 Trustee's percentage fee under 28 U.S.C. § 586(e). The bankruptcy judge addressed this issue adequately in his memorandum opinion and order of February 3, 1988, 82 B.R. 572, and this court substantially concurs with the reasoning of the bankruptcy judge. The appellant and amicus have made a doomsday argument that this result will defeat the Congressional purpose of having a standing trustee in such cases. This court is not persuaded by that argument. It should be noted that the primary purpose of Chapter 12 is the protection of debtors, not the employment of trustees. Moreover, the exercise of discretion in permitting direct payments of this type will be controlled by the provisions of 11 U.S.C. § 1225 and it is not expected that such direct payments will become routine.

Substantially for the reasons articulated by the bankruptcy judge, it is

ORDERED that the order of confirmation is affirmed.